The Chancellor.
The court is asked to set aside the sale made by the sheriff, and to order a resale of the property. It is a matter entirely in the discretion of the court, and a discretion as to a matter, in regard to which the court always acts with great caution. But the court can exercise this discretion only upon the application of a party who is interested in the sale, and whose interest has been injuriously affected by it.
'When the petition was presented to 'me, I took it for granted that the petitioner was a party defendant in the suit. The manner in which the petition is drawn will naturally produce that impression, whatever may have *332 been the intention of the person who drew it. We have the heading, with the names of the parties in the usual way, not naming them all, but stating them as “ Aaron Lyon and others.” The petition then commences thus: The petition of Stephen Lyon, of the county of Morris, and state of New Jersey, respectfully showeth, that he was the owner of certain lands and premises in the township of Orange, county of Essex, and state of New Jersey, described as follows;” This is all the interest the petitioner shows in the premises, and no further allusion is made, in the petition, to any interest he might have in the premises. The conclusion naturally was, from such a petition, that the petitioner was a party to the suit, and that his interest in the premises appeared by the pleadings in the suit. It turns out, however, that he is not a party to the suit, and it in no manner appears that he has any interest in the premises which he asks may be resold. On the hearing of the petition, the petitioner offered to show his interest by proving that, since the commencement of the foreclosure suit, he had become the purchaser, by deed, of the equity of redemption. It turns out that this is a matter of controversy between himself and others, who claim the same title as purchasers under judgments and executions at law. They come in, and insist that the sale should stand, and ail the parties to the record are opposed to the petitioner’s application. In addition to all these embarrassments, the purchaser at the sale has offered evidence to show that the petitioner has no title to the premises, and that the deed he holds was fraudulently made to defraud the creditors of Aaron Lyon. The petitioner objects to this issue, because it is one not made by the petition. But if that is a good objection, then it may be equally as well objected against the petitioner, that he is now setting up an interest in the premises entirely different from that which he claims by his petition, and that the issue which makes is nqt made by the petition. He does not, by his petition, set up an interest in the property acquired since the decree in the cause was made.
*333 I shall dismiss this petition with costs, for .the reasons—
First. Because it does not appear, by the pleadings in the suit or by the petition, that the petitioner lias any interest in the premises.
iSecond. Rrom a review of the whole ease, I do not think it one where the sale made by the sheriff should he interfered with.